

**IT IS ORDERED as set forth below:**

**Date: June 22, 2023**

_____

**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. 23-50344-WLH |
| DEMARIO A. BAKER, | CHAPTER 7 |
| Debtor. | |

**ORDER ON MOTION FOR REVIEW AND REDUCTION OF ATTORNEY'S FEES**
**AND OTHER SANCTIONS AGAINST SERGE JEROME, JR.**

**THIS MATTER** is before the Court after an in-person evidentiary hearing held on June

15, 2023, on the United States Trustee's Motion for Review and Reduction of Attorney Fees

Pursuant to Section 329 and for Imposition of Other Sanctions (Doc. No. 16) (the "Motion"). The

Court considered argument from counsel for the United States Trustee ("UST") and Mr. Jerome,

documentary evidence, and testimony of the Chapter 7 Trustee (Cathy L. Scarver) and Mr. Jerome.

1

For the reasons stated on the record at the hearing and outlined herein, the Court finds the Motion should be granted and Mr. Jerome's conduct in this case warrants the imposition of sanctions.

<u>Facts</u>

Demario Baker (the "Debtor") filed a petition for relief under Chapter 7 of the Bankruptcy Code on January 11, 2023. The petition was filed by Serge Jerome, Jr. ("Mr. Jerome") as counsel. As will be discussed in detail below, the schedules were facially deficient. After a third attempt at a section 341 meeting, the UST filed the Motion on April 20, 2023, alleging:

1) Mr. Jerome failed to appear for the Debtor's section 341 meetings of creditors;

2) Mr. Jerome failed to file required documents and information;

3) Mr. Jerome did not review and verify the accuracy of the Debtor's schedules before he filed them;

4) Mr. Jerome did not properly obtain the Debtor's signature; and

5) Mr. Jerome failed to disclose $1,200 in compensation Debtor paid him.

A. <u>Failure to attend meeting of creditors</u>

The UST alleges Mr. Jerome failed to attend the Debtor's scheduled meetings of creditors. Debtor's section 341 meeting of creditors was initially scheduled for February 15, 2023. Both Debtor and Mr. Jerome failed to appear as directed, and the meeting was rescheduled to March 20, 2023. On March 20, 2023, Debtor appeared; Mr. Jerome did not. The meeting was reset to April 12, 2023. Debtor appeared on April 12, 2023, but Mr. Jerome again failed to appear. The meeting of creditors was continued to May 9, 2023, at which time the Debtor and Mr. Jerome appeared. The meeting was continued a fourth time to June 6, 2023. Neither Debtor nor Mr. Jerome appeared at the June 6, 2023 meeting. Debtor's meeting of creditors was set five times. Mr. Jerome failed to

appear at all but the May 9, 2023 hearing. Mr. Jerome offered no explanation for his failure to appear other than he had other more pressing matters to attend to for other clients in courts other than Bankruptcy Court.

  B. <u>Failure to file accurate and complete verified papers</u>

  The UST alleges Mr. Jerome failed to file accurate and complete verified papers on behalf of the Debtor. More specifically, the UST alleges:

- The Petition fails to disclose Debtor is married;

- The statement of financial affairs does not disclose Debtor has worked at Morehouse School of Medicine for 8 years;

- The statement of financial affairs does not disclose Debtor paid Mr. Jerome $1,200 for his services;

- Schedule A/B shows "no" for all categories of assets. It does not disclose Debtor owned a car, household goods and furnishings, jewelry, and a bank account;

- No exemptions were claimed on schedule C;

- Schedule D identifies no creditors even though the Debtor owed a debt secured by a vehicle;

- Schedule E/F identifies no priority claims even though Debtor owed a domestic support obligation;

- Schedule I reflected zero income for Debtor and his spouse, despite both being employed;

- Schedule J reflected zero expenses although Debtor had actual expenses for rent, food, phone, utilities, transportation, and insurance;

- Debtor's statement of intention included no checked boxes even though Debtor intended to retain a vehicle securing a debt;

- The statement of currently monthly income and means test calculation incorrectly listed

3

Debtor's income as $0; and

- The mailing matrix did not include the domestic support obligation creditor.

At the section 341 meeting, the Debtor answered verbally the questions left blank or marked "no" or "zero" on the schedules and statement of financial affairs. At the hearing, Mr. Jerome acknowledged that he did not review the documents before they were filed. He thought he had filled out the information with the facts, but the software did not "save" his work. The Court finds the petition and schedules and statement of financial affairs were completely incorrect and even a cursory glance would have revealed that. Mr. Jerome did not review the papers before filing them.

C. Failure to obtain an original signature

The Bankruptcy Local Rules require an attorney to obtain and retain their client's original signature on verified papers, including a petition for relief, lists of creditors, and all documents required to be filed under Bankruptcy Rule 1007(b). See BLR 5005-7(c)(1); BLR 9001-1(o) (defining "Verified Paper"). The UST alleges Mr. Jerome failed to obtain Debtor's original signature on the verified papers filed with the Court. Mr. Jerome acknowledged at the June 15, 2023 hearing that he did not obtain the Debtor's original signature on his petition, bankruptcy schedules, and related documents. Mr. Jerome did not produce any writing confirming his authority to file the petition and other verified papers.

D. Failure to disclose attorney fee

Section 329 of the Bankruptcy Code requires any attorney representing a debtor to "file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the

4

source of such compensation." 11 U.S.C. § 329(a). This Code section is implemented by Fed. R. Bankr. P. 2016(b). Mr. Jerome's Disclosure of Compensation of Attorney for Debtor (the "2016 Statement") stated he had agreed to accept $0 for services. On June 14, 2023, the day before the hearing on the Motion, Mr. Jerome filed an amended 2016 Statement (Doc. No. 24) in which he disclosed he had agreed to accept $1,200 for services on behalf of the Debtor in contemplation of or in connection with the bankruptcy case. The amended 2016 Statement reflects the funds were provided by the Debtor's spouse. Mr. Jerome confirmed the same at the hearing on June 15.

    E.  <u>Failure to file information</u>

The UST alleges Mr. Jerome failed to file required information including the Debtor's credit counseling course certificate, pay advices, identification documents, and tax returns.

Mr. Jerome testified he received Debtor's credit counseling course certificate and had "uploaded" it for the Chapter 7 Trustee to review. But, the Trustee never received it and it was not filed on the docket. Eventually, a credit counseling certificate was filed on the docket on June 14, 2023 (Doc. No. 22) showing the Debtor timely took the credit counseling course.

The UST also contends Mr. Jerome failed to file the Debtor's pay advices as required. Pursuant to section 521(a)(1)(B)(iv) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 1007(b)(1)(e), Debtor was required to file copies of all payment advices or other evidence of payment he received from any employer within 60 days before the date of the filing of the petition. Debtor was required to file the payment advices with the petition or within 14 days thereafter. Fed. R. Bank. P. 1007(c). While Mr. Jerome testified he "uploaded" the documents to the Chapter 7 Trustee's document portal, the Chapter 7 Trustee testified she never received them. Mr. Jerome tardily filed Debtor's pay advices on the docket on March 27, 2023 for pay periods from September 4, 2022 through October 29, 2022. Additionally, Mr. Jerome filed pay

5

advices on June 14, 2023 (Doc. No. 23), for the periods September 4, 2022 through October 29, 2022 and February 5, 2023 through March 18, 2023. While Mr. Jerome did eventually file pay advices of the Debtor, they did not cover the 60 day period before filing as required (from November 11, 2022 to January 11, 2023) and were not filed within 14 days of filing the petition (i.e. by January 25, 2023).

The UST alleges Mr. Jerome failed to submit Debtor's identification documents as required. Section 521(h) of the Bankruptcy Code provides "if requested by the United States [t]rustee . . . the debtor shall provide a document that establishes the identity of the debtor . . ." 11 U.S.C. 521(h). Mr. Jerome did not provide identification documents although the Debtor eventually produced them directly to the UST.

Finally, the UST alleges Mr. Jerome failed to submit the Debtor's most recently filed tax return. Pursuant to section 521(e)(2)(A)(i) of the Bankruptcy Code, Debtor was required to provide the Chapter 7 Trustee with a copy of his most recently filed federal income tax return. The Bankruptcy Code requires the return be submitted no later than 7 days before the first date set for the meeting of creditors. Mr. Jerome testified he "uploaded" Debtor's tax returns for the Chapter 7 Trustee and he still has the relevant information, but as of the hearing, the return had not been provided to the Trustee.

F.  Other Cases

Mr. Jerome has filed other bankruptcy cases in which he has failed to appear before the Court and failed to file complete and accurate information. For example, in In re Brown, Case No. 21-57056-WLH (Bankr. N.D. Ga.), Mr. Jerome failed to appear before the Court for an in-person hearing on June 1, 2023, and the Court has held him in contempt (Case No. 21-57056-WLH). Similarly, in In re EVinfinite, 23-10113-AEC, (Bankr. M.D. Ga.), the court issued a show cause

order contending Mr. Jerome failed to appear before the Court for a hearing on May 10, 2023; he also failed to complete the necessary filings for the case, and failed to disclose $2,500 in compensation paid to him. See UST Ex. 4 (Case No. 23-10113-AEC Doc. No. 26). In In re T.A.M.G. Realty, Inc., Case No. 23-53162-BEM (Bank. N.D. Ga.), Mr. Jerome filed a Chapter 11 case and filed schedules and small business documents with inconsistent and incorrect information, leading the Court to require him to associate an experienced practitioner. See UST Ex. 3 (Case No. 23-53162-BEM Doc. No. 28).

Law

Having found the facts above were proven by clear and convincing evidence, the Court will examine the applicable law.

A.  Section 526 and an Attorney's Duty

Section 526(a)(1) of the Bankruptcy Code provides a debt relief agency, such as Mr. Jerome's firm, see 11 U.S.C. §§ 101(3) & (12A), Milavetz, Gallop & Milavetz, P.A. v. United States, 559 U.S. 229, 239 (2010), shall not fail to perform any service the agency informed the assisted person or prospective assisted person it would provide in connection with a case or proceeding. "[W]hen accepting an engagement to represent a debtor in relation to a bankruptcy proceeding, an attorney must be prepared to assist that debtor through the normal, ordinary, and fundamental aspects of the process." In re Egwim, 291 B.R. 559, 572 (Bankr. N.D. Ga. 2003) (citation omitted). These duties include:

> the proper filing of all required schedules, statements and disclosures; preparation and filing of necessary amendments to the same; attendance at the § 341 meeting; turnover of assets to the trustee, and cooperation with the trustee; compliance with the tax turnover and other orders of the Court; performance of the duties imposed by § 521(1), (3) and (4); counseling in regard to § 521(2) and the reaffirmation, redemption, surrender or retention of consumer goods securing obligations to creditors, and assisting the debtor in accomplishing those aims; and responding to

7

> issues that arise in the basic milieu of the bankruptcy case, such as violations of stay and stay relief requests, objections to exemptions and avoidance of liens impairing exemptions, and the like.

Id. at 572-73. These are fundamental and core obligations "at the very center of the bankruptcy case." Id. at 573. An attorney representing a chapter 7 debtor ordinarily must be prepared to complete these duties and ordinarily may not limit his or her services. Id. at 572.

Mr. Jerome filed a 2016 Statement that stated he agreed to "render legal service for all aspects of the bankruptcy case," including preparation of required documents and representation at the meeting of creditors (Doc. No. 1    p. 33). Mr. Jerome failed to properly file the Debtor's petition, schedules and statement of financial affairs; he failed to file the credit counseling certificate which he had in his possession; he failed to provide the tax return (which he had in his possession) to the Trustee; he failed to obtain and file the proper pay advices; he failed to obtain from the Debtor and provide to the Trustee the identification documents required; and he failed to attend four of five meetings of creditors necessitated by his failure to appear and to properly prepare the Debtor's petition and schedules. He thus failed to assist the Debtor through the fundamental aspects of the bankruptcy process. Accordingly, the Court finds Mr. Jerome failed to comply with section 526(a)(1) of the Bankruptcy Code and an attorney's fundamental duty in representing a bankruptcy debtor.

Bankruptcy Code section 526(a)(2) provides that a debt relief agency, including an attorney like Mr. Jerome who provides bankruptcy assistance to a consumer debtor, Milavetz, 559 U.S. at 239, shall not make any statement or counsel or advise an assisted person or prospective assisted person to make a statement in a document filed in a case or proceeding that is untrue or misleading, or that upon the exercise of reasonable care, should have been known by such agency to be untrue or misleading. The Debtor's petition, schedules and statement of financial affairs were clearly

8

inaccurate because they were filled with "zeros", answers of "no" and other incomplete and inaccurate information. Accordingly, the Court finds Mr. Jerome failed to comply with section 526(a)(2) of the Bankruptcy Code.

B. Section 707(b)(4)(C) & (D)

The obligation of debtor's counsel to exercise significant care with respect to the client's schedules is further reiterated in section 707(b)(4)(C), which was added to the Bankruptcy Code in 2005. It states:

> (C) The signature of an attorney on a petition, pleading, or written motion shall constitute a certification that the attorney has—
>> (i) performed a reasonable investigation into the circumstances that gave rise to the petition, pleading, or written motion; and
>> (ii) determined that the petition, pleading, or written motion—
>>> (I) is well grounded in fact; and
>>> (II) is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law and does not constitute an abuse under paragraph (1).

11 U.S.C. § 707(b)(4)(C). Subsection (D) provides:

> The signature of an attorney on the petition shall constitute a certification that the attorney has no knowledge after an inquiry that the information in the schedules filed with such petition is incorrect.

11 U.S.C. § 707(b)(4)(D). As one court explained:

> debtors' counsel are to exercise significant care as to the completeness and accuracy of all recitations on their clients schedules, after they have made a factual investigation and legal evaluation that conforms to the standards applicable to any attorney filing a pleading, motion, or other document in a federal court. The content of a debtor's petition and schedules is relied on, and should have the quality to merit that reliance.

Lafayette v. Collins (In re Withrow), 405 B.R. 505, 512 (B.A.P. 1st Cir. 2009) (citing In re Robertson, 370 B.R. 804, 809 n. 8 (Bankr. D. Minn. 2007)). "Accordingly, any attorney who files schedules and statements on a debtor's behalf makes a certification regarding the representations

9

contained therein." <u>Withrow</u>, 405 B.R. at 512. "[C]ompetent representation requires that an attorney review the schedules for accuracy before they are filed." <u>In re Redante</u>, 2018 WL 317765 *8 (Bankr. E.D. Penn. Jan. 4, 2018). Mr. Jerome filed Debtor's petition and schedules and was therefore obligated to make a reasonable inquiry into the information provided by the Debtor and the information put on the verified documents.

The investigation required must include "at least some affirmative investigation into the facts represented in documents submitted to the court. . . . While 'the investigation performed by a signatory need not be to the point of certainty to be reasonable' a 'signer must explore readily available avenues of factual inquiry.'" <u>Desiderio v. Parikh (In re Parikh)</u>, 508 B.R. 572, 585 (Bankr. E.D.N.Y. 2014) (citations omitted). It is common for attorneys to claim that they relied on the representations made by their clients. But the courts are clear that "the attorney must independently verify publicly available facts to determine if the client representations are objectively reasonable." <u>Id.</u>; <u>see also</u> <u>In re Hanson</u>, 2015 WL 891669 *6 (Bankr. E.D.N.Y. Feb. 27, 2015). Whether the attorney's investigation or acceptance of a client's representation is "objectively reasonable" is "measured by what a competent attorney admitted to practice before the court would do . . . Essentially, the court must determine whether 'a reasonable attorney in like circumstances could believe his actions to be factually and legally justified.'" <u>Hanson</u>, WL 891669 at *6 (cites omitted).

To determine if the attorney's actions are reasonable, the courts consider such factors as whether the attorney impressed upon the debtor the critical importance of the accuracy of the schedules; whether the attorney sought from the debtor and then reviewed whatever documents were within the debtor's possession and control in order to verify the information; whether the attorney used external verification tools that were available and not time or cost prohibitive;

whether the attorney asked probing and pertinent questions designed to elicit full, complete, accurate and honest disclosure of the information; whether the attorney checked the debtor's responses to assure they were internally and externally consistent. Id.; In re Beinhauer, 570 B.R. 128, 136 (Bankr. E.D.N.Y. 2017); Dignity Health v. Seare (In re Seare), 493 B.R. 158, 210 (Bankr. D. Nev. 2013); Modi v. Virani (In re Virani), Case No. 15-5331 (Doc. No. 494) (Bankr. N.D. Ga. Feb. 1, 2018).

In this case, even a cursory review and investigation would have disclosed the petition and schedules were inaccurate. It is extremely unlikely that a debtor has no assets, no income and no expenses.   A brief investigation by Mr. Jerome, for example, would have revealed Debtor was married, Debtor was employed, Debtor owned a car and owed a debt secured by that vehicle, and Debtor owed a domestic support obligation. Further, Debtor had expenses related to food, phone, utilities, transportation, and insurance. Thus, including $0 a month for these expenses on Schedule J had no basis in reality. At the hearing on June 15, 2023, Mr. Jerome acknowledged Debtor's verified papers were incomplete and inaccurate. Accordingly, the Court finds Mr. Jerome failed to exercise significant care with respect to Debtor's schedules in violation of section 707(b)(4)(C) and (D).

C.  BLR 5005-7

The Bankruptcy Local Rules require an attorney to obtain and retain their client's original signature on verified papers, including a petition for relief, lists of creditors, and all documents required to be filed under Bankruptcy Rule 1007(b). See BLR 5005-7(c)(1); BLR 9001-1(o) (defining "Verified Paper"). The Bankruptcy Local Rules require an attorney to obtain and retain their client's original signature on verified papers, including a petition for relief, lists of creditors, and all documents required to be filed under Bankruptcy Rule 1007(b). See BLR 5005-7(c)(1);

BLR 9001-1(o) (defining "Verified Paper"). Bankruptcy Local Rule 5005-7(c)(1) specifically provides:

> A person electronically filing a Verified Paper certifies that such filer has in such filer's possession at the time of filing the fully executed original Verified Paper with an original signature of each person whose signature is indicated thereon.

BLR 5005-7(c)(1). General Order 38-2020 explains an original signature includes a signature created by placing an ink pen on paper (a wet ink signature), a signature obtained through an e-signing and digital management software application that provides for an audit trail (such as DocuSign, PandaDoc, or AdobeSign), or a signature delivered to the filer by the signatory in an image format though email. General Order 38-2020 further provides the failure to comply with the procedures found in BLR 5005-7 "may result in the Court ordering a suspension or limitation . . . of the filing of cases in this Court."

Mr. Jerome acknowledged at the June 15, 2023 hearing that he did not obtain the Debtor's original signature on his petition, bankruptcy schedules, and related documents. Accordingly, the Court finds Mr. Jerome failed to comply with BLR 5005-7(c)(1) and General Order 38-2020 requiring counsel to obtain and retain the Debtor's original signature.

D.  Section 329

Section 329 of the Bankruptcy Code requires any attorney representing a debtor to "file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation." 11 U.S.C. § 329(a). This Code section is implemented by Fed. R. Bankr. P. 2016(b), which requires the attorney to

> file and transmit to the United States trustee within 14 days after the order for relief,
> or at another time as the court may direct, the statement required by § 329 of the
> Code including whether the attorney has shared or agreed to share the compensation
> with any other entity. . . . A supplemental statement shall be filed and transmitted
> to the United States trustee within 14 days after any payment or agreement not
> previously disclosed.

Fed. R. Bankr. P. 2016(b). Additionally, section 329(b) of the Bankruptcy Code allows the Court to cancel any fee agreement or order the return of any payment to the extent the payment is in excess of the reasonable value of any services provided by the attorney. 11 U.S.C. § 329(b).

The courts are uniform in holding that the directives of section 329 are mandatory. McTyeire v. Hunt (In re McTyeire), 357 B.R. 898, 904 (Bankr. M.D. Ga. 2006). A 2016 statement "is not a meaningless paper that attorneys can ignore or blithely treat as insignificant." In re Bonilla, 573 B.R. 368, 378 (Bankr. D.P.R. 2017) (cites omitted). "Coy or incomplete disclosures which leave the court to ferret out pertinent information from other sources are not sufficient." In re Saturley, 131 B.R. 509, 517 (Bankr. D. Me. 1991). A failure to comply with counsel's obligations under section 329 and Rule 2016(b) subjects the attorney to forfeiture of any right to receive compensation or a requirement of disgorgement. McTyeire, 357 B.R. at 904; Bonilla, 573 B.R. at 382. A failure to comply can also subject the attorney to other appropriate sanctions under section 105 of the Bankruptcy Code. See Houston v. Welt (In re Herman), 632 F. App'x. 580, 582 (11th Cir. 2015).

Further, even if the fees are not subject to disgorgement, they must be assessed for their reasonableness. The reasonable value of services rendered by an attorney is determined by the same criteria which the court reviews for compensation of professionals under section 330 of the Bankruptcy Code. But, "in considering the 'value' of the services provided to a debtor by an attorney, the Court must consider the quality, not just the quantity of those services." In re Dean,

401 B.R. 917, 923 (Bankr. D. Idaho 2008). Services that are neither necessary nor beneficial are not compensable. See Shalaby v. Mansdorf (In re Nakhuda), 703 F. App'x. 621, 622 (9th Cir. 2017).

Here, the 2016 Statement filed by Mr. Jerome was incorrect. It represented Debtor paid $0 to Mr. Jerome, when in fact Debtor had paid him $1,200. Mr. Jerome failed to file a supplemental 2016 Statement until after the Motion was filed and on the eve of the hearing on the Motion. Thus, Mr. Jerome violated section 329 of the Bankruptcy Code and Bankruptcy Rule 2016.

The value of services rendered is also determined by the Court. Nakhuda, 703 F. App'x. at 621. As discussed above, the Debtor's verified papers were replete with inaccurate information and even a cursory review of the Debtor's schedules would have disclosed a number of the inconsistencies which appeared in the Debtor's schedules and statement of financial affairs and which were advocated by Mr. Jerome. Moreover, Mr. Jerome's failure to attend the section 341 meetings required the Debtor to attend multiple times and the Trustee to attend five times. His failure to provide the required documents caused the Debtor and the Trustee numerous hours of effort trying to obtain the requested information. The quality of services provided by Mr. Jerome to the Debtor does not justify payment. The compensation of $1,200 paid on Debtor's behalf exceeds the value of the services.

Sanctions

For the reasons stated above, the Court finds Mr. Jerome violated the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules, and believes sanctions are appropriate in this case. The nature of the sanctions, however, is within the Court's discretion.

A. Disgorgement of fee

The Court has determined Mr. Jerome failed to comply with section 329(a) and Bankruptcy Rule 2016(b). The Court cannot ignore Mr. Jerome's failure to comply with the Bankruptcy Code and Rules. "Whatever the explanation for disclosure inadequacies, it reflects poorly on counsel[,] and the resulting potential for frustration of the Code's policy of thorough scrutiny is unacceptable." Saturley, 131 B.R. at 517. "Sanctions may be imposed even when the failure to disclose was through inadvertence or negligent, and regardless of whether the estate was actually harmed." Shelnut, 577 B.R. at 610. The Court therefore determines that the sanction of forfeiture of the fee is appropriate for Mr. Jerome's failure to adequately disclose his fee as required by section 329. Moreover, as discussed above, the fee charged by Mr. Jerome was excessive given the complete lack of quality service provided by Mr. Jerome. Disgorgement of the fee is also appropriate under section 329(b), and the fee should be returned to Debtor's spouse who made the payment in accordance with section 329(b)(2).

Section 526(c) provides independent grounds for total disgorgement. Pursuant to section 526(c)(2), an attorney who acts intentionally or negligently in failing to comply with the debt-relief-agency provisions of the Bankruptcy Code is liable for fees already received, actual damages, and reasonable attorney fees. In re Milner, 612 B.R. 415 (Bankr. W.D. Okla. 2019) (citing 11 U.S.C. § 526(c)(2)); In re Rodriguez Perez (Bankr. D.P.R. July 31, 2018). As explained above, Mr. Jerome failed to comply with section 526(a)(2) of the Bankruptcy Code, and his failure was at least negligent. Mr. Jerome's noncompliance with section 526 renders him liable for the entirety of his attorney's fees. Total disgorgement is an appropriate way to promote compliance with the debt relief agency requirements of the Bankruptcy Code. See In re Seare, 493 B.R. 158,

225 (Bankr. D. Nev. 2013), <u>as corrected</u> (Apr. 10, 2013), <u>aff'd,</u> 515 B.R. 599 (B.A.P. 9th Cir. 2014).

Based on Mr. Jerome's failure to comply with sections 329(a) and (b) and 526(a)(1) and (a)(2) of the Bankruptcy Code, the Court orders Mr. Jerome to disgorge the $1,200 paid by the Debtor to the person who paid it, which according to the last Rule 2016 Statement filed is the Debtor's spouse.

B.  <u>Suspension from practice before the United States Bankruptcy Court for the Northern District of Georgia</u>

The Court has the inherent power, "incidental to all courts" to "discipline attorneys who appear before it." <u>Chambers v. NASCO, Inc.,</u> 501 U.S. 32, 43 (1991). This inherent power includes the power to suspend or disbar attorneys from practicing before the court. <u>In re Snyder,</u> 472 U.S. 634 (1985); <u>In re Mattinson,</u> 2010 WL 4102293, at *3 (Bankr. N.D. Ga. Oct. 1, 2010). Additionally, the Bankruptcy Code authorizes the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Code." <u>Law v. Siegel,</u> 571 U.S. 415, 420-21 (2014) (citing 11 U.S.C. § 105(a)). This includes the authority to suspend the bar privileges of attorneys who practice before it. <u>In re Lewis,</u> 611 F. Appx 134, 136 (4th Cir. 2015); <u>see also</u> <u>United States v. Nolen,</u> 472 F.3d 362, 371 (5th Cir. 2006) (courts enjoy broad discretion to determine who may practice before them and to regulate the conduct of those who do); <u>In re Johnson,</u> 921 F.2d 585, 586 (5th Cir. 1991). Pursuant to the Bankruptcy Local Rules, attorney disciplinary matters are governed by Rules 83.1C and 83.1F of the Civil Local Rules for the District Court for the Northern District of Georgia. Local Rule 83.1F(2), however, provides that nothing within Rule 83.1F "shall limit the right of an individual judge to manage the cases assigned to the . . . judge, which right shall include the authority to impose monetary penalties, to

16

disqualify counsel from participation in a particular case, and to impose any other penalties or sanctions which may be appropriate in a particular case." LR 83.1F(2). In re Reeves, 372 B.R. 525, 528 (Bankr. N.D. Ga. 2007).

While the general rule for sanctions is preponderance of the evidence, In re Cochener, 360 B.R. 542, 573 (Bankr. S.D. Tex. 2007), the clear and convincing evidence standard is employed where the sanctions at issue involve suspension from practice. In re Varan, 2014 WL 2881162, at *6 (Bankr. N.D. Ill. June 24, 2014) (citing In re Liou, 503 B.R. 56, 78 (Bankr. N.D. Ill.2013); Cochener, 360 B.R. at 573); see also Crowe v. Smith, 261 F.3d 558, 563 (5th Cir. 2001) ("In attorney suspension and disbarment cases, the finding of bad faith must be supported by clear and convincing proof. Clear and convincing proof is a high standard, requiring more than a preponderance of the evidence.").

Based on the record in this case, including documentary evidence, statements and argument of Mr. Jerome, and argument presented on behalf of the Office of the United States Trustee, the Court finds clear and convincing evidence Mr. Jerome failed to comply with the specific requirements in the Bankruptcy Code and Rules and the Bankruptcy Local Rules including:

- Sections 329, 526, and 707 of the Bankruptcy Code;

- Bankruptcy Rule 2016(b);

- BLR 5005-7(c)(1); and

- General Order 38-2020.

Mr. Jerome violated these rules by 1) failing to appear multiple times for the Debtor's meeting of creditors; 2) failing to comply with the Bankruptcy Code and Rules as to the numerous schedules, statements and information that are required to be filed and provided in connection with the filing of a bankruptcy case; 3) filing the above-styled bankruptcy petition without Debtor's original

signature; and 4) failing to disclose the attorney's fees he received from the Debtor. The actions of Mr. Jerome were knowing and willful. As Mr. Jerome testified, he simply prioritized other matters.

An attorney's obligations to his client, to opposing counsel, to the court, and to the legal system do not abate because the attorney has other issues that affect his capacity to fulfill his obligations. Mattinson, 2010 WL 4102293, at *3. Bankruptcy attorneys are expected to be able to quickly and effectively administer bankrupt estates. Id. The practice of bankruptcy law does not lend itself to holding a case in abeyance for any significant period of time while an attorney attends to other matters or learns bankruptcy law. See id. Mr. Jerome's conduct in this case is evidence of his disregard for the Court and its rules and processes. His conduct injured the bankruptcy system by requiring the United States Trustee and the Chapter 7 Trustee to expend considerable time attempting to perform their duties with respect to the case.

Moreover, Mr. Jerome's actions in this case unfortunately appear to be part of a pattern of behavior. The pattern of Mr. Jerome's behavior in multiple bankruptcy cases necessitates sanctions to deter future misconduct, and to protect the courts, the bankruptcy system, and the participants in it. For example, in In re Brown, Case No. 21-57056-WLH (Bankr. N.D. Ga.), Mr. Jerome failed to appear before the Court for an in-person hearing on June 1, 2023, and was held in contempt at a hearing on June 15, 2023. Similarly, in In re EVinfinite, 23-10113-AEC, (Bank. M.D. Ga.), the Court has issued a show cause order alleging Mr. Jerome failed to appear before the Court for a hearing on May 10, 2023; he also failed to complete the necessary filings for the case, and failed to disclose $2,500 in compensation paid to him. See UST Ex. 4 (Case No. 23-10113-AEC Doc. No. 26). In In re T.A.M.G. Realty, Inc., Case No. 23-53162-BEM (Bank. N.D. Ga.), Mr. Jerome filed a Chapter 11 case and filed schedules and small business documents with inconsistent and

18

incorrect information such that the Court required him to associate an experienced practitioner. <u>See</u> UST Ex. 3 (Case No. 23-53162-BEM Doc. No. 28). His conduct in this case injured his client who, despite having filed a Chapter 7 case 6 months ago, is still not in a position to receive a discharge.

Based on the foregoing, the Court finds Mr. Jerome's failure to comply with the Court's orders and rules warrants sanctions. The Court will suspend Mr. Jerome from practice before the Bankruptcy Court as outlined below including filing any bankruptcy cases under any chapter in the Northern District of Georgia and representing any party in any case pending in the Northern District of Georgia. While the Court recognizes that it must exercise its authority to sanction with restraint and that suspension from practice is a serious sanction that should not be imposed lightly, the Court cannot countenance Mr. Jerome's behavior on the part of a member of the Bar of this Court.

Further, Mr. Jerome will be required to receive additional continuing legal education. Mr. Jerome is directed to complete 12 hours of Georgia continuing legal education, at least 6 in ethics and professionalism and at least 6 in bankruptcy law, and certify completion of the same.

<u>Conclusion</u>

Accordingly, for the reasons stated above and on the record on June 15, 2023,

**IT IS ORDERED** that the Motion is **GRANTED.**

**IT IS FURTHER ORDERED** that, within 10 days hereof, Mr. Jerome is ordered to return the $1,200 paid on behalf of the Debtor to the Debtor's spouse pursuant to section 329 of the Bankruptcy Code.

**IT IS FURTHER ORDERED** that Mr. Jerome is hereby **SUSPENDED** from practice in the Bankruptcy Court for the Northern District of Georgia for the longer of 6 months or certified

completion of the CLE outlined below. This suspension shall run concurrently with the suspension issued in <u>In re Brown</u>, Case No. 21-57056-WLH (Bankr. N.D. Ga.).

**IT IS FURTHER ORDERED** that Mr. Jerome shall complete 12 hours of Georgia continuing legal education, at least 6 in ethics and professionalism and at least 6 in bankruptcy law. Mr. Jerome shall file a certificate of completion with proof of completion of the hours. These CLE hours may be the same used to satisfy the Court's contempt order in <u>In re Brown</u>, Case No. 21-57056-WLH (Bankr. N.D. Ga.).

**IT IS FURTHER ORDERED** that the foregoing sanctions are without prejudice to the consideration or imposition of additional sanctions in any of the other cases filed by Mr. Jerome in the Northern District of Georgia or to additional sanctions in this case should Mr. Jerome fail to comply herewith.

**IT IS FURTHER ORDERED** that the Clerk will serve this order on debtors, trustees, and other parties filing a notice of appearance in any case in this district in which Mr. Jerome is counsel.

<u>**END OF DOCUMENT**</u>

**Distribution List**

Serge Jerome, Jr.
The Jerome Law Firm PA
1100 Peachtree Street, NE
Suite 200
Atlanta, GA 30309

Demario A Baker
110 Chandler Fields Drive
Covington, GA 30016-0000

Cathy L. Scarver
P. O. Box 672587
Marietta, GA 30006

David S. Weidenbaum
Office of the United States Trustee
362 Richard B Russell Federal Building
75 Ted Turner Drive, S.W.
Atlanta, GA 30303

Jeneane Treace
Office of the U.S. Trustee
362 Richard B. Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303